

ENTERED
CLERK. U S DISTRICT COURT

OCT 3 0 2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 9 2001
2001

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

**THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY T. ROPER, individually and as Temporary Conservator, Mother, Guardian Ad Litem and next Friend of SHANNON DE LUCA; and SHANNON DE LUCA, <br><br> Plaintiffs, <br><br> vs. <br><br> CORRECTIONAL SYSTEMS, INC., et al. <br><br> Defendants. | CASE NO. CV 01-6581 DT (CTx) <br><br> ORDER **GRANTING IN PART WITHOUT PREJUDICE AND WITH LEAVE TO AMEND AND DENYING IN PART** DEFENDANTS', CORRECTIONAL SYSTEMS, INC., ROND, ALVAREZ, GARRISON, FORREN, DANIEL VERWIEL, PATRICIA VERWIEL, ESTATE OF LAWRENCE GROSSMAN, MACDONALD, THE PRODUCTIVITY FUND III, APEX FUND III, APEX STRATEGIC PARTNERS, LLC, FIRST ANALYSIS CORPORATION AND INFRASTRUCTURE AND ENVIRONMENTAL PRIVATE EQUITY FUND III, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(B)(6) AND **DENYING** DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2). |

— Docketed
— Copies / NTC Sent
— JS - 5 / JS - 6
— JS - 2 / JS - 3
— CLSD

64

## I.  Background

### A.  Factual Summary

This action is brought by Plaintiffs Mary T. Roper, Individually and as Temporary Conservator, Mother, Guardian Ad Litem and Next Friend of Shannon De Luca; and Shannon De Luca against Defendants Correctional Systems, Inc., City of Hawthorne, Anthony M. Rond, Jailer A. Alvaraz, Sergeant Ishi, Officer Chiarella, William Garrison, John Forren, Daniel Verwiel, Patricia Verwiel, Estate of Lawrence Grossman, James Macdonald, The Productivity Fund III, L.P., Apex Fund III, L.P., Apex Strategic Partners, LLC, First Analysis Corporation, Infrastructure and Environmental Private Equity Fund III, L.P. and Environmental & Information Technology Private Equity Fund III Gesellschaft Burgorlichten Rechts, a civil partnership under the laws of the Federal Republic of Germany.

The following facts are alleged in the Complaint:

Plaintiff Shannon De Luca ("Shannon") was held and then booked for detention only by the Hawthorne Defendants (collectively referring to the City of Hawthorne, Sergeant Ishi and Officer Chiarella) and the CSI Defendants (collectively referring to Correctional Systems, Inc., Anthony Rond and Jailer Alvarez) as a pre-trial detainee at the Hawthorne City Jail on or about August 1, 2000.  (See Complaint, ¶ 31.)  Shannon was detained only for being under the influence of a narcotic, drug or restricted dangerous drug and was to be delivered to a facility or hospital for treatment.  (See id. at ¶ 32.)

On August 2, 2000, Shannon was purportedly found hanging in her cell at the jail.  (See id. at ¶ 33.)

In the approximate 29 hours Shannon was in the custody and control of the Hawthorne Defendants and the CSI Defendants, said defendants made no

attempt to assess Shannon's medical or drug condition, have her examined or treated or have her delivered to a hospital or facility for treatment. (See id. at ¶ 34.) The CSI Defendants and Hawthorne Defendants knew, or should have known, and had actual and/or constructive knowledge that Shannon was seriously ill, under the influence of drugs and at significant risk for suicide or attempted suicide while in jail, in need of medicine, psychiatric treatment, drug treatment and transfer to a hospital. (See id. at ¶ 35.)

Before August 2, 2000, the Hawthorne and CSI Defendants had arrested, detained and/or booked Shannon on at least 3 occasions: on or about March 28, 2000, June 12, 2000 and August 1, 2000; had interviewed her on or about March 23, 2000; and had substantial additional information about Shannon from various investigations and/or third party reports and sources. (See id. at ¶ 36.) As a result, the CSI Defendants and Hawthorne Defendants knew, or should have known, and had actual and/or constructive knowledge that Shannon was seriously ill, under the influence of drugs and at significant risk for suicide or attempted suicide while in jail, in need of medicine, psychiatric treatment, drug treatment and transfer to a hospital. (See id. at ¶ 37.)

Further, Defendants City of Hawthorne, CSI, Ishi, Chiarella, Rond and Alvarez had reason to know that Shannon was in need of immediate medical and/or drug care, intervention and/or therapy and failed to take reasonable action. (See id. at ¶ 40.)

As a proximate result of the foregoing, Shannon became severely ill at the jail, and one or more of the CSI Defendants attempted to cover up the matter, and Shannon attempted to commit suicide. (See id. at ¶ 42.) Shannon did not die from the incident but, at age 25, suffered severe, permanent and total injuries, anoxia, respiratory arrest, hypoxic encephalopathy, and has been

comatose and dependent on a mechanical ventilator since August 2, 2000, and is likely to continue in this fashion the rest of her life. (See id. at ¶ 43.) Plaintiff Mary Roper has suffered great emotional distress and shock and will continue to suffer the loss of her daughter's family, love, care, comfort, society and support. (See id.)

Plaintiffs allege the following claims for relief: (1) Section 1983 claim against CSI, Rond and Alvarez; (2) "state law claims" against CSI, Rond and Alvarez; (3) Section 1983 claim against the Hawthorne Defendants; (4) claim under California Government Code § 845.6 and Health and Safety Code § 11222 against the Hawthorne and CSI Defendants; and (5) an unspecified claim against CSI Common and Preferred Shareholders.

**B.    Procedural Summary**

On August 2, 2001, Plaintiff filed the Complaint. On this same date, Magistrate Judge Chapman issued an Order for Appointment of Guardian Ad Litem.

On August 30, 2001, Defendants City of Hawthorne, Michael Ishi and Christina Chiarello filed an Answer to Complaint.

On October 4, 2001, Defendants Correctional Systems, Inc., Rond, Alvarez, Garrison, Forren, Daniel Verwiel, Patricia Verwiel, Estate of Lawrence Grossman, Macdonald, the Productivity Fund III, Apex Fund III, Apex Strategic Partners, LLC, First Analysis Corporation and Infrastructure and Environmental Private Equity Fund III filed a Motion to Dismiss for Failure to State a Claim and for Lack of Personal Jurisdiction, which is currently before this Court.

4

## II.   Discussion

### A.   Standard

#### 1.   Motion to dismiss under Rule 12(b)(6)

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the Court must assume that plaintiffs' allegations are true, and must construe plaintiffs' complaint in the light most favorable to plaintiffs. See United States v. City of Redwood City, 640 F.2d 963, 967 (9th Cir. 1981). Moreover, even if the face of the pleadings indicates that recovery is unlikely, the plaintiff is still entitled to offer evidence in support of the complaint. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Redwood City, 640 F.2d at 967. Finally, a court may not dismiss complaints pursuant to Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Russell v Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980).

Generally, orders granting motions to dismiss are without prejudice unless "allegations of other facts consistent with the challenged pleading could not possibly cure the defect." Schreiber Dist. v. Serv-Well Furniture, 806 F.2d 1393, 1401 (9th Cir. 1986).

#### 2.   Motion to dismiss under Rule 12(b)(2)

In order to maintain an action in the Central District, a plaintiff must meet the requirements of 28 U.S.C. § 1391(A) and must establish that this Court has personal jurisdiction over a defendant. See FDIC v. British-American Ins. Co., Ltd., 828 F.2d 1439, 1441 (9th Cir. 1987). In order to establish personal jurisdiction over a nonresident defendant, a plaintiff must show that the forum state's jurisdictional statute confers personal jurisdiction over the defendant, and that the exercise of jurisdiction accords with constitutional principals of due

process. See Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987). Because California Civil Procedure Code Section 410.10 extends jurisdiction to the maximum extent permitted by due process, the state and due process jurisdictional inquiries can be conducted as one analysis. See Cal. Civ. Proc. Code § 410.10 (West 1973).

Due process requires that a non-resident defendant have sufficient minimum contacts with the forum state so that "maintenance of a suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Courts may exercise either general or specific personal jurisdiction over a nonresident defendant. See FDIC, 828 F.2d at 1442.

On a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie showing that personal jurisdiction exists. See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

### a. General Jurisdiction.

General jurisdiction exists when a nonresident defendant has "substantial, continuous and systematic" activities with the forum state, even if the cause of action is unrelated to these forum activities. See Perkins v. Benquet Consolidated Mining Co., 342 U.S. 437 (1952).

### b. Specific Jurisdiction.

If a defendant's contacts with the forum state are not substantial or continuous and systematic, this Court may only exercise jurisdiction over the defendant if the alleged activities occurred in the forum state. See Brand. v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). In order to confer specific personal jurisdiction in this Court, a plaintiff must show that:

(1) the nonresident defendant purposefully directed activities or consummated transactions with the forum or residents thereof, or performed some act by which he purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim arises out of or relates to the defendant's forum related contacts; and

(3) the exercise of jurisdiction is reasonable, meaning that it comports with fair play and substantial justice.

Data Disc, 557 F.2d at 1287.

### B.  Analysis

The following defendants bring these motions: Correctional Systems, Inc., Anthony Rond, Angelica Alvarez, William Garrison, John Forren, Daniel Verwiel, Patricia Verwiel, Estate of Lawrence Grossman, James Macdonald, The Productivity Fund III, L.P., Apex Fund III, L.P., Apex Strategic Partners, LLC, First Analysis Corporation and Infrastructure and Environmental Private Equity Fund III, L.P. (collectively, "Moving Defendants").[1]  The Moving Defendants seek to dismiss claims against defendants William Garrison, John Forren, Daniel Verwiel, Patricia Verwiel, Estate of Lawrence Grossman, James Macdonald, The Productivity Fund III, L.P., Apex Fund III, L.P., Apex Strategic Partners, LLC and First Analysis Corporation (collectively, "CSI Shareholders").

---

[1] The Moving Defendants represent that Plaintiffs' counsel has agreed to voluntarily dismiss defendant Environmental & Information Technology Private Equity Fund III  Gesellschaft Burgerlichen Rechts, a civil partnership under the laws of the Federal Republic of Germany. (See Cochran Decl., p.1.)

7

**1.      Dismissal of the fifth claim for relief is granted without prejudice and dismissal of claims based on alter ego liability is denied**

In their Complaint, Plaintiffs allege Section 1983 and state law claims against Defendant Correctional Systems, Inc. as a result of Shannon's alleged hanging. They also allege that the CSI Shareholders are liable on an alter ego theory. The Moving Defendants seek to dismiss the CSI Shareholders from this action because of the failure to state a claim against them. First, they contend that Plaintiffs have incorrectly pled alter ego as a cause of action rather than a theory of liability. This Court agrees. In their "fifth claim for relief," Plaintiffs plead alter ego against the CSI Shareholders. However, alter ego is a theory of liability and not a separate cause of action or claim. In other words, the CSI Shareholders can only be held liable as alleged alter egos of CSI for specific claims or causes of action pled in the complaint. Thus, this Court dismisses Plaintiffs' "fifth claim for relief" because it cannot stand as an independent claim. While it appears that Plaintiffs seek to hold the CSI Shareholders liable for the same claims pled against CSI by incorporating all paragraphs by reference, this Court will allow Plaintiffs leave to amend to specify what claims they seek to assert against the CSI Shareholders as a result of the alter ego allegations.

The Moving Defendants then argue that Plaintiffs have not, and cannot, allege adequate facts to support any claim based on alter ego liability against the CSI Shareholders. In doing so, however, the Moving Defendants incorrectly argue that Plaintiffs' burden in pleading alter ego is by a prima facie case. As Plaintiffs correctly note, the Moving Defendants appear to confuse the standard on a motion to dismiss for failure to state a claim with the standard on a motion to dismiss for lack of personal jurisdiction. On a motion to dismiss for

failure to state a claim pursuant to Rule 12(b)(6), this Court determines whether the facts as pled adequately support the claim asserted (see Standard, above). Plaintiffs' ability to make a prima facie case is not tested on a Rule 12(b)(6) motion, but rather on a Rule 12(b)(2) motion, as explained below. As such, this Court must presently assume the truth of Plaintiffs' facts and determine whether Plaintiffs have pled alter ego liability against the CSI Shareholders.[2]

The Moving Defendants assert that federal law applies to determine the alter ego issue. In contrast, Plaintiffs contend that they have pled alter ego liability under California law and that "Federal case law . . . appears to point to a higher standard . . . ." In their Complaint, Plaintiffs assert both federal and state law claims. However, this Court does not need to decide which substantive alter ego law should apply to the claims at issue here, because the standards are functionally equivalent. See Orloff v. Allman, 819 F.2d 904, 909 (9th Cir. 1987) (declining to decide whether California law or federal common law of alter ego liability applied in securities fraud context where result would be identical under either); see also Laborers Clean-Up Contract v. Uriarte Clean-Up Ser., 736 F.2d 516, 523 (9th Cir. 1984)(finding that in considering whether to disregard the corporate form under ERISA, the Ninth Circuit applies federal substantive law, although it may look to state law for guidance). Under California law, alter ego applies where: (1) such a unity of interest and ownership exists that the personalities of the corporation and individual are no longer separate, and (2) an inequitable result will follow if the acts giving rise to liability are treated as those of the corporation alone. See Orloff, 819 F.2d at 908. Under federal common law,

---

[2] Because the main inquiry is whether alter ego liability has been adequately pled, this Court assumes, for purposes of this motion, that Plaintiffs assert the same claims against the CSI Shareholders as against CSI.

the court looks at three factors: (1) the amount of respect given to the separate identity of the corporation by its shareholders, (2) the fraudulent intent of the incorporation, and (3) the degree of injustice visited on the litigants by recognition of the corporation entity. See id. at 909.

Under the elements set forth above, this Court finds that Plaintiffs have adequately pled alter ego liability against the CSI Shareholders. In their Complaint, Plaintiffs state that CSI "is and has been at all relevant times significantly undercapitalized and recognizing CSI's corporate existence would work as a fraud upon its creditors." (See Complaint, ¶ 77.) They further allege that CSI "operated and managed 12 correctional facilities and three federal facilities, with a combined number of beds of at least 310" and that "CSI and it subsidiaries at any given time have over 1,000 offenders under supervision, counseling and testing." (Id. at ¶ 78.) They contend that "to provide for this great level of responsibility, CSI has only $3 million in insurance coverage, and had insufficient assets to provide for its potential liabilities." (Id. at ¶ 79.) Plaintiffs then allege that the CSI Shareholders "were engaged or involved in management and control of CSI" and that the preferred shareholders "were given certain seats on the Board of Directors, and the right to require a sale of CSI to third parties if profits were not generated after December 31, 1999 or there was no public offering by July, 2003." (Id. at ¶ 80.) In support of their motion to dismiss, the Moving Defendants rely on declarations which they argue show that CSI is adequately capitalized and that CSI is a separate entity which follows corporate formalities. While this evidence will be pertinent to the ultimate issue of alter ego liability, it cannot be considered at the present time. On a Rule 12(b)(6) motion,

this Court cannot consider evidence outside of the pleadings and determine the merits of the claims.[3]

In light of the above, this Court grants the Moving Defendants' motion to dismiss Plaintiffs fifth claim for relief without prejudice and allows Plaintiffs leave to amend to clarify the claims asserted against the CSI Shareholders and denies Plaintiffs' motion to dismiss claims based on alter ego liability.

### 2.    Dismissal for lack of personal jurisdiction is not warranted at this time

The Moving Defendants further argue that this Court lacks personal jurisdiction over the non-resident shareholder defendants. Specifically, they claim that of the CSI Shareholders, eight are not residents of California (William Garrison, Estate of Lawrence Grossman, Productivity Fund III, L.P., Apex Fund III, L.P. and Apex Strategic Partners LLC, James Macdonald and First Analysis Corporation) and therefore, Plaintiffs must establish that these eight shareholders ("Non-resident Shareholders") have sufficient minimum contacts with this forum. Primarily, the Moving Defendants argue that Plaintiffs must establish alter ego liability of these Non-resident Shareholders to satisfy the minimum contacts and that Plaintiffs cannot do so.[4]

---

[3] Plaintiffs' Objections to Evidence Offered by Defendants in Support of Motion to Dismiss are therefore moot.

[4] As the parties acknowledge, Plaintiffs can also establish personal jurisdiction over the Non-resident Shareholders by showing that each of the Non-resident Shareholders has sufficient minimum contacts with the forum state other than by virtue of piercing the corporate veil. However, based on the parties' arguments and the Moving Defendants' evidence, it appears that Plaintiffs' main basis for personal jurisdiction over these defendants is by piercing the corporate veil.

It is well-settled that the party seeking to invoke the jurisdiction of the court has the burden of establishing that jurisdiction exists.  The Ninth Circuit has explained that on a motion to dismiss for lack of personal jurisdiction, the district court may determine the quantum of proof required to meet that burden.  See Data Disc, Incorporated v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).  If the court determines that it will receive only affidavits or affidavits plus discovery materials, a plaintiff must make only a prima facie showing of jurisdictional facts in order to avoid a motion to dismiss.  See id.  If issues of credibility or disputed questions of fact are raised, the court has the discretion to take evidence at a preliminary hearing, and plaintiff must establish the jurisdictional facts by a preponderance of the evidence, just as he would have to do at trial.  See id.  The Ninth Circuit has further explained that "where the jurisdictional facts are enmeshed with the merits, the district court may decide that the plaintiff . . . should be required only to establish a prima facie showing of jurisdictional facts with affidavits and perhaps discovery materials." See id. at n. 2.

Here, the facts relating to personal jurisdiction over the Non-resident Defendants are intertwined with the merits of Plaintiffs' claims.  In other words, if CSI is the alter ego of the Non-resident Defendants, then this Court may disregard the corporate form and exercise personal jurisdiction over the Non-resident Defendants.  See Certified Building Products, Inc. v. NLRB, 528 F.2d 968, 969 (9th Cir. 1976) (service upon corporation, which was the alter ego of named individual, was equivalent of service upon individual, and thus in personam jurisdiction was obtained of individual); Flynt Distributing Company, Inc. v. Harvey, 734 F.2d 1389, 1393 (9th Cir. 1984) (where corporation is the alter ego of the stockholders so as to justify disregard of the corporate entity, jurisdiction over

corporation will support jurisdiction over the stockholders).  The propriety of this Court's assertion of jurisdiction ultimately depends upon the propriety of piercing the corporate veil.  As such, this Court finds that Plaintiffs need to make a prima facie showing of alter ego liability in order to defeat the instant motion.

Plaintiffs respond in their opposition that discovery has only just begun and that this issue should be deferred until after a reasonable amount of discovery has been performed.  The Early Meeting of Counsel under Rule 16(f) and the Local Rules was held on October 5, 2001, and no depositions have been taken, and no written discovery has been completed.  (See Goldman Decl., ¶¶ 2-3.)  This Court agrees that it is premature at this point to determine the issue of personal jurisdiction in light of the fact that Plaintiffs are required to make a prima facie showing based upon affidavits and discovery materials.  See Data Disc, Incorporated, 557 F.2d at 1285, n. 1 ("A court may permit discovery to aid in determining whether it has in personam jurisdiction.").  It would be improper to allow the Moving Defendants to offer evidence which may be only in their possession or knowledge and then not allow Plaintiffs an opportunity to test or rebut this information.  In addition, based on the Moving Defendants' affidavits, it appears that "pertinent facts bearing on the question of jurisdiction are controverted" and that "a more satisfactory showing of the facts [by Plaintiffs] is necessary."  Id. (citing controverted facts and inadequate showing of facts as examples for granting discovery).  Thus, this Court denies the Moving Defendants' motion to dismiss the Non-resident Defendants for lack of personal jurisdiction without prejudice to allow the Moving Defendants to renew their motion at a later time.[5]

_____

[5] This Court notes that Plaintiffs should not take too much comfort in this Court's ruling.  The Moving Defendants' evidence seriously challenges Plaintiffs'

## C.    <u>Conclusion</u>

Through their motions to dismiss for failure to state a claim under Rule 12(b)(6) and for lack of personal jurisdiction under Rule 12(b)(2), the Moving Defendants have sought a determination on the issue of the CSI Shareholder's alter ego liability.  However, this Court cannot properly make such a determination based on evidence outside of the pleadings on a Rule 12(b)(6) motion, and while affidavits and discovery materials are permissible for this Court to make its determination on a Rule (b)(2) motion, it is too premature, as the parties have only just begun discovery.  Consequently, the determination of alter ego liability cannot presently be made.[6]

Accordingly, this Court **grants in part without prejudice and with leave to amend and denies in part** Defendants', Correctional Systems, Inc., Anthony Rond, Angelica Alvarez, William Garrison, John Forren, Daniel Verwiel, Patricia Verwiel, Estate of Lawrence Grossman, James Macdonald, The Productivity Fund III, L.P., Apex Fund III, L.P., Apex Strategic Partners, LLC, First Analysis Corporation and Infrastructure and Environmental Private Equity Fund III, L.P., Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R.

---

allegations, and furthermore, even if Plaintiffs avoid a Rule 12(b)(2) motion to dismiss by making a prima facie showing of jurisdictional facts, they must still prove the jurisdictional facts at trial by a preponderance of the evidence. <u>See</u> <u>Data Disc Inc.</u>, 557 F.2d at 1285, n. 2.

[6] This Court further notes that if no triable issues of material fact exist and the only determination is a question of law, the issue of alter ego liability may be determined on a motion for summary judgment.

14

Civ. P. 12(b)(6) and **denies** Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2). The fifth claim for relief is dismissed without prejudice and with 30 days leave to amend.[7]

IT IS SO ORDERED.

DATED: 10/29/01

**DICKRAN TEVRIZIAN**

Dickran Tevrizian, Judge
United States District Court

---

[7] Plaintiffs stipulate that defendant Environmental & Information Technology Private Equity Fund III Gesellschaft Burgorlichten Rechts, a civil partnership under the laws of the Federal Republic of Germany are dismissed without prejudice as to all causes of action.

15